## Commonwealth *v.* Hickman, Appellant.

*Criminal law—Murder—Misconduct of juror—New trial.*

1. The action of the court below in a murder case in overruling a motion for a new trial based on alleged misconduct of a juror will not be disturbed on appeal except for manifest error.

*Criminal law—Murder—Remarks of district attorney—Prompt correction.*

2. A verdict and judgment of murder of the first degree will not be reversed on appeal, although the remarks of the district attorney in his closing address suggested to the jurors a division with the court of the responsibility which rested upon them, and would tend to make them less careful in reaching a conclusion, where there was a prompt correction made by the trial judge who also gave clear and full instructions on the subject.

Argued Feb. 6, 1911. Appeal, No. 50, Oct. T., 1911, by defendant, from judgment of O. & T. Beaver Co., March Sessions, 1910, No. 6, on verdict of murder of first degree in case of Commonwealth v. Charles E. Hickman. Before

VOL. CCXXXI—20

FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZIS-KER, JJ.   Affirmed.

Indictment for murder.   Before HOLT, P. J.

The opinion of the Supreme Court states the case.

Verdict of guilty of murder of the first degree and sentence thereon.   Defendant appealed.

*Error assigned* was in overruling motion for new trial.

*J. Sharp Wilson,* with him *D. A. Nelson,* for appellant.

*J. Blaine McGoun,* district attorney, with him *J. Rankin Martin,* assistant district attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE FELL, April 10, 1911:

There was no denial that the appellant killed his wife, and no exceptions were taken at the trial to the rulings of the court on the evidence, nor to the instructions to the jury.   The effort of the learned counsel was to reduce the degree of murder by proof that the appellant's mind was clouded by intoxication and that there was no deliberate and premeditated attempt to take life.   The assignments of error relate to the overruling of a motion for a new trial, based on the charge of misconduct of a juror and on statements made by the prosecuting attorney in addressing the jury.   The misconduct alleged was that a juror, who on his voir dire had testified that he had not formed or expressed an opinion of the guilt or innocence of the prisoner, had in fact expressed an opinion that he was guilty and that he should be hanged.   This matter was largely within the discretion of the trial judge, and his conclusion would not be disturbed except for manifest error.   He investigated the charge and found it was not sustained, and we find that his conclusion was fully warranted by the testimony.

In the argument to the jury, the prosecuting attorney said: "The court stands between the jury and the prisoner.   There are thirteen jurors in the trial of this case,

and if the jury makes a mistake, the court will correct it. The court will have the testimony all written out and will review it." At this point he was interrupted by an objection and the judge said: "The court merely pronounces the sentence. It is for the jury to find whether or not the prisoner is guilty or not guilty of the offense." The attorney then said: "I still say that if a mistake in the law has been made, on motion, your honor would overrule the verdict." The judge added: "The court corrects matters of law, if any mistake in the law has been made by the court. It is for the jury to find the facts. They are judges of both the law and the facts in a trial of this kind. We suggest that the argument be modified."

The remarks of the prosecuting attorney are open to the very grave objection that they suggested to the jurors a division of the responsibility which rested upon them and would tend to make them less careful in reaching a conclusion. We cannot, however, believe that in view of the prompt correction by the trial judge, and his clear and full instruction on the subject, that the appellant was in any way prejudiced.

We find no reversible error in any of the assignments. The judgment is affirmed and the record is remitted for the purpose of execution.